# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | ) | Chapter  7 |
| | ) | Bankruptcy Case No. |
| **Edwin Quiles, Jr.** | ) | |
| | ) | |
| Debtor(s) | ) | |

## DECLARATION REGARDING ELECTRONIC FILING
### Signed by Debtor(s) or Corporate Representative
### To Be Used When Filing over the Internet

PART I - DECLARATION OF PETITIONER                          Date: _27 MAY 08_
A.        To be completed in all cases.

I **Edwin Quiles, Jr.**, the undersigned debtor, corporate officer, partner, or member, hereby declare under penalty of perjury that the information I have given my attorney, including correct social security number and the information provided in the electronically filed petition, statements, schedules, and if applicable, application to pay filing fee in installments, is true and correct. I consent to my attorney sending the petition, statements, schedules, and this DECLARATION to the United States Bankruptcy Court. I understand that this DECLARATION must be filed with the Clerk in addition to the petition. I understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.

B.        To be checked and applicable only if the petitioner is an individual (or individuals) whose debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

☑        I am aware that I may proceed under chapter 7, 11, 12, or 13 of Title 11 United States Code; I understand the relief available under each such chapter; I choose to proceed under chapter 7; and I request relief in accordance with chapter 7.

C.        To be checked and applicable only if the petition is a corporation, partnership, or limited liability entity.

☐        I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in the petition.

Signature: _____
        **Edwin Quiles, Jr.**
        (Debtor or Corporate Officer, Partner or Member)

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:  **Edwin Quiles, Jr.**                                    Case No. _____
                    Debtor                                                                    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❑  2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

❑  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

❑  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ❑  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❑  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ❑  Active military duty in a military combat zone.

**Official Form 1, Exh. D (10/06) – Cont.**

    ❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:

Edwin Quiles, Jr.

Date: 27 MAy 08

Certificate Number: <u>01356-ILN-CC-003953501</u>

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>May 7, 2008</u>, at <u>7:33</u> o'clock <u>PM EDT</u>,

<u>Edwin Quiles</u> received from

<u>Hummingbird Credit Counseling and Education, Inc.</u>,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

<u>Northern District of Illinois</u>, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date: <u>May 7, 2008</u>          By    <u>/s/Peter Hernandez</u>

                              Name  <u>Peter Hernandez</u>

                              Title  <u>Certified Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

### 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

#### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

#### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

**Deanna L. Aguinaga**
Printed Name of Attorney                                    Signature of Attorney                        Date

Address:

**Aguinaga, Serrano & Low**
**340 N. Lake Street**
**Second Floor**
**Aurora, IL 60506**

**(630) 844-8781**

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

**Edwin Quiles, Jr.**                                    X _____        27 MAY 08

Printed Name of Debtor                              Edwin Quiles, Jr.
                                                                    Signature of Debtor                          Date

Case No. (if known) _____

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

In Re:                                          Bankruptcy Case Number:
**Edwin Quiles, Jr.**                                          _____

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors:  **26**   _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:  **5/28/2008**   _____          **s/ Edwin Quiles, Jr.** _____
                                                         **Edwin Quiles, Jr.**
                                                                    Debtor

| United States Bankruptcy Court<br>Northern District of Illinois Document Page 8 of 46 | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Quiles, Jr., Edwin,** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **7914** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**1320 Park Drive**<br>**Montgomery, IL**<br>ZIP CODE **60538** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Kane** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

#### Tax-Exempt Entity
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

### Filing Fee (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes**
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Edwin Quiles, Jr.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |
|---|

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |
|---|

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). **X** __Not Applicable__ _____ Signature of Attorney for Debtor(s)  Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____ (Name of landlord that obtained judgment)

_____ (Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Edwin Quiles, Jr. |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Edwin Quiles, Jr.**
Signature of Debtor    **Edwin Quiles, Jr.**

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**5/28/2008**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

**Signature of Attorney**

X **/s/Deanna L. Aguinaga**
Signature of Attorney for Debtor(s)

**Deanna L. Aguinaga  Bar No. 6228728**
Printed Name of Attorney for Debtor(s) / Bar No.

**Aguinaga, Serrano & Low**
Firm Name

**340 N. Lake Street Second Floor**
Address

**Aurora, IL 60506**

**(630) 844-8781        (630) 844-8789**
Telephone Number

**5/28/2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date
Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

B6A (Official Form 6A) (12/07)

In re:   **Edwin Quiles, Jr.**                                                                    Case No. _____
                                                                                                                              **(If known)**
                            **Debtor**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Single family residence**<br>**1320 Park Drive**<br>**Montgomery, IL 60538** | **Fee Owner** | | **$ 190,000.00** | **$ 174,182.40** |
| | Total  ➢ | | **$ 190,000.00** | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re   **Edwin Quiles, Jr.** _____ ,   Case No. _____
Debtor                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Fifth Third Checking Account** | | **1,500.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household furnishings** | | **5,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **debtor's clothing coats & shoes** | | **2,000.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Edwin Quiles, Jr.** _____,    Case No. _____
                                        **Debtor**                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Oldsmobile Alero** | | **3,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_1_    continuation sheets attached                Total    >    **$ 11,600.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**B6C (Official Form 6C) (12/07)**

In re   **Edwin Quiles, Jr.**                                    Case No. _____
                                    Debtor                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                              $136,875
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **1999 Oldsmobile Alero** | **735 ILCS 5/12-1001(c)** | **2,400.00** | **3,000.00** |
| **cash** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **debtor's clothing coats & shoes** | **735 ILCS 5/12-1001(a),(e)** | **2,000.00** | **2,000.00** |
| **Fifth Third Checking Account** | **735 ILCS 5/12-1001(b)** | **1,400.00** | **1,500.00** |
| **Household furnishings** | **735 ILCS 5/12-1001(b)** | **2,500.00** | **5,000.00** |
| **Single family residence 1320 Park Drive Montgomery, IL 60538** | **735 ILCS 5/12-901** | **15,000.00** | **190,000.00** |

B6D (Official Form 6D) (12/07)

In re  **Edwin Quiles, Jr.**                              .     Case No. _____
                    **Debtor**                                                (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0020024030<br><br>Ocwen Loan Servicing<br>PO Box 785053<br>Orlando, FL 32878-5053 | | | **First Lien on Residence**<br>**Single family residence**<br>**1320 Park Drive**<br>**Montgomery, IL 60538**<br><br>**VALUE $190,000.00** | | | | 139,748.92 | 0.00 |
| ACCOUNT NO.  0020024048<br><br>Ocwen Loan Servicing<br>PO Box 785053<br>Orlando, FL 32878-5053 | | | **Second Lien on Residence**<br>**Single family residence**<br>**1320 Park Drive**<br>**Montgomery, IL 60538**<br><br>**VALUE $190,000.00** | | | | 34,433.48 | 0.00 |

0   continuation sheets
    attached

Subtotal ➤
(Total of this page)

| $ | 174,182.40 | $ | 0.00 |
|---|---|---|---|

Total ➤
(Use only on last page)

| $ | 174,182.40 | $ | 0.00 |
|---|---|---|---|

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re **Edwin Quiles, Jr.** _____     Case No. _____
                                                                                   (If known)
                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  **continuation sheets attached**

B6E (Official Form 6E) (12/07) – Cont.

In re  **Edwin Quiles, Jr.**                                                    Case No. _____

_____                                              (If known)

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **20-5457581**<br>**Illinois Department of Revenue**<br>**PO Box 19035**<br>**Springfield, IL 62794** | X | | **sales tax incurred for Edwin's Montgomery Tire & Repair Services, Inc.  11/2006 - 12/2007** | | | | **11,392.12** | **11,392.12** | **0.00** |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals▷
(Totals of this page)

$ **11,392.12** | $ **11,392.12** | $ **0.00**

Total  ▷
(Use only on last page of the completed
Schedule E. Report also on the Summary of
Schedules.)

$ **11,392.12**

Total  ▷
(Use only on last page of the completed
Schedule E. If applicable, report also on the
Statistical Summary of Certain Liabilities
and Related Data. )

$ **11,392.12** | $ **0.00**

B6F (Official Form 6F) (12/07)

In re   **Edwin Quiles, Jr.**                          Case No. _____
_____
                    **Debtor**                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   304358 <br><br> **1st Ayd** <br> **PO Box 5298** <br> **Elgin, IL 60121** | | | **Business Supplies purchased from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 138.55 |
| ACCOUNT NO.   602131 <br><br> **Alarm Detection Systems** <br> **1111 Church Road** <br> **Aurora, IL 60505** | | | **Business alarm services used from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 236.28 |
| ACCOUNT NO.   63089284730666 <br><br> **AT&T** <br> **PO Box 8100** <br> **Aurora, IL 60507** | | | **Business phone services from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 484.32 |
| ACCOUNT NO.   104878 <br><br> **Aurora Tri State** <br> **1080 Corporate Blvd** <br> **Aurora, IL 60502** | | | **Cylinder test purchased from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 209.60 |
| ACCOUNT NO.   34406514 <br><br> **Cintas** <br> **PO Box 7759** <br> **Romeoville, IL 60446** | | | **Uniform rental for business purchased from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 353.45 |

<u>4</u>   Continuation sheets attached

Subtotal ➤ $   1,422.20

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Edwin Quiles, Jr.** _____          Case No. _____
                                                    Debtor                                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6071307137308973** <br><br> **Citifinancial** <br> **PO Box 499** <br> **Hanover, MD 21076** | | | **9/2006 original date of unsecured personal loan** | | | | 13,415.00 |
| ACCOUNT NO. **7014167033** <br><br> **ComEd Bankruptcy Group** <br> **2100 Swift Dr** <br> **Oak Brook Terrace, IL 60523** | | | **Electric service for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 1,997.88 |
| ACCOUNT NO. <br><br> **Edwin Quiles, Sr** <br> **512 S Spencer Street** <br> **Aurora, IL 60505** | | | **Personal loan for business Montgomery Tire & Repair in 12/2006. Corporation has been disolved but debtor signed as personal guarantor** | | | | 45,000.00 |
| ACCOUNT NO. **114186** <br><br> **Environmental** <br> **PO Box 675** <br> **Orland Park, IL 60462-0675** | | | **Trash disposal for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 460.81 |
| ACCOUNT NO. **0905573820-00026** <br><br> **Fifth Third Bank** <br> **PO Box 630337** <br> **Cincinnati, OH 45263** | X | | **Small business loan for business Montgomery Tire & Repair incurred 12/2006. Corporation has been disolved but debtor signed as personal guarantor** | | | | 116,076.24 |

Sheet no. _1_ of _4_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ► $       176,949.93

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re __Edwin Quiles, Jr._____     Case No. _____
　　　　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.　160763<br><br>**Goodyear Tire and Rubber Company**<br>PO Box 277348<br>Atlanta, GA 30384 | X | | **Operating System service for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 4,393.87 |
| ACCOUNT NO.　600586750<br><br>**Indiana Insurance**<br>6281 Tri-Ridge Blvd<br>Loveland, OH 45140 | | | **Garage liability insurance for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 1,321.02 |
| ACCOUNT NO.　6693 201380 001<br><br>**Inland Commercial Property Management**<br>2901 Butterfield Road<br>Oak Brook, IL 60523 | X | | **lease for business Montgomery Tire & Repair from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 388,620.64 |
| ACCOUNT NO.　3243547983<br><br>**Nicor**<br>PO Box 8350<br>Aurora, IL 60507-8350 | | | **Natural gas service for Edwin's Montgomery Tire & Repair, Inc (dissolved corporation) opened 2/2006** | | | | 457.00 |
| ACCOUNT NO.　42305378798<br><br>**Nicor**<br>PO Box 416<br>Aurora, IL 60507 | | | **Natural Gas service for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 1,220.27 |

Sheet no. _2_ of _4_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal　▷　$　396,012.80

Total　▷　$

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Edwin Quiles, Jr.**                                                    Case No. _____

_____                                          _____
                           **Debtor**                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **mo8473** <br><br> **Quality Oil** <br> **55 North 400 East** <br> **Valparaiso, IN 46383** | | | **motor oil & auto supplies for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 2,301.40 |
| ACCOUNT NO.  **220-2144** <br><br> **Ron Westphal Chevrolet** <br> **1425 W Ogden** <br> **Aurora, IL 60503** | | | **Auto parts purchased for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 1,186.85 |
| ACCOUNT NO.  **1087520** <br><br> **Rubber Inc** <br> **2419 S Michigan Ave** <br> **Chicago, IL 60616** | | | **Supplies for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 25,318.00 |
| ACCOUNT NO.  **montgomerytire** <br><br> **Snap On** <br> **825 Cypress Court** <br> **Joliet, IL 60435** | | | **tools purchased for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 1,656.73 |
| ACCOUNT NO.  **14852305** <br><br> **SST/SECBANC** <br> **415 Pickett Road** <br> **St Joseph, MO 64503** | | | **Late fees in connection with an old car loan** | | | | 77.00 |

Sheet no. _3_ of _4_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

                                                             Subtotal  ➤  $            **30,539.98**

                                                                Total  ➤  $
                                               (Use only on last page of the completed Schedule F.)
                                     (Report also on Summary of Schedules and, if applicable on the Statistical
                                               Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Edwin Quiles, Jr.**                                              Case No. _____
_____
                        **Debtor**                                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **600057696**<br><br>**Suburban Chicago Newspaper**<br>**3101 Route 30**<br>**Plainfield, IL 60544** | | | **Advertising for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 450.00 |
| ACCOUNT NO.   **1433678**<br><br>**Torres Credit Services, Inc**<br>**27 Fairview Street**<br>**PO Box 189**<br>**Carlisle, PA 17015-3121** | | | **NOTICE ONLY for Collection of Commonwealth Edison claim for electric service for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 0.00 |
| ACCOUNT NO.   **27902 and 28373**<br><br>**Warehouse Direct Supply**<br>**PO Box 41622**<br>**Minneapolis, MN 55441-0622** | | | **Supplies for business from 12/2006 to 10/2007. Corporation has been disolved but debtor signed as personal guarantor** | | | | 573.33 |

Sheet no. <u>4</u> of <u>4</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $               1,023.33

Total  ➤  $             605,948.24

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

**B6G (Official Form 6G) (12/07)**

In re:  <u>Edwin Quiles, Jr.</u>                                   Case No.  _____
                          **Debtor**                                              **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Inland Commercial Property Management**<br>**2901 Butterfield Road**<br>**Oak Brook, IL 60523** | **Business  property lease for Montgomery Tire & Repair, Inc.  The corporation has been dissolved but debtor signed personally** |

B6H (Official Form 6H) (12/07)

In re: **Edwin Quiles, Jr.** _____ .   Case No. _____
                           Debtor                              (If known)

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Edwin Quiles, Sr**<br>**512 S. Spencer Street, Aurora, IL 60505**<br><br>**Edwin's Mont. Tire & Auto Service, Inc**<br>**1320 Park Drive**<br>**Montgomery, IL 60528**<br><br>**Jocelyn Quiles**<br>**512 S. Spencer Street, Aurora, IL 60505** | **Fifth Third Bank**<br>**PO Box 630337**<br>**Cincinnati, OH 45263** |
| **Edwin Quiles, Sr**<br>**512 S Spencer Street, Aurora, IL 60505**<br><br>**Edwin's Mont. Tire & Auto Service, Inc**<br>**1320 Park Drive**<br>**Montgomery, IL 60528** | **Goodyear Tire and Rubber Company**<br>**PO Box 277348**<br>**Atlanta, GA 30384** |
| **Edwin Quiles, Sr**<br>**512 S Spencer Street**<br>**Aurora, IL 60505**<br><br>**Edwin's Mont. Tire & Auto Service, Inc**<br>**1320 Park Drive**<br>**Montgomery, IL 60528**<br><br>**Jocelyn Quiles**<br>**512 S Spencer Street**<br>**Aurora, IL 60505** | **Illinois Department of Revenue**<br>**PO Box 19035**<br>**Springfield, IL 62794** |
| **Edwin Quiles, Sr**<br>**512 S Spencer Street, Aurora, IL 60505**<br><br>**Edwin's Mont. Tire & Auto Service, Inc**<br>**1320 Park Drive**<br>**Montgomery, IL 60528** | **Inland Commercial Property Management**<br>**2901 Butterfield Road**<br>**Oak Brook, IL 60523** |

B6I (Official Form 6I) (12/07)

| In re | Edwin Quiles, Jr. | Case No. | |
|---|---|---|---|
| | **Debtor** | | **(If known)** |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **single** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **cable splicer** | |
| Name of Employer | **AT&T** | |
| How long employed | **2 months** | |
| Address of Employer | **1999 Aucutt Montgomery, IL 60538** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ **2,520.00** | $ |
| 2. Estimate monthly overtime | $ **0.00** | $ |
| 3. SUBTOTAL | $ **2,520.00** | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **588.00** | $ |
| b. Insurance | $ **0.00** | $ |
| c. Union dues | $ **40.00** | $ |
| d. Other (Specify) | $ **0.00** | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **628.00** | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **1,892.00** | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ |
| 8. Income from real property | $ **0.00** | $ |
| 9. Interest and dividends | $ **0.00** | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ |
| 11. Social security or other government assistance (Specify) | $ **0.00** | $ |
| 12. Pension or retirement income | $ **0.00** | $ |
| 13. Other monthly income (Specify) | $ **160.00** | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **160.00** | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,052.00** | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **2,052.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

B6J (Official Form 6J) (12/07)

In re **Edwin Quiles, Jr.**_____,        Case No. _____
                    **Debtor**                                              **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

      Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,000.00 |
|   a. Are real estate taxes included?    Yes _____ No ✓ | | |
|   b. Is property insurance included?    Yes _____ No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 170.00 |
|   b. Water and sewer | $ | 65.00 |
|   c. Telephone | $ | 110.00 |
|   d. Other **cable TV** | $ | 85.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 15.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 120.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|   a. Homeowner's or renter's | $ | 68.00 |
|   b. Life | $ | 0.00 |
|   c. Health | $ | 0.00 |
|   d. Auto | $ | 70.00 |
|   e. Other_____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)_____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|   a. Auto | $ | 0.00 |
|   b. Other_____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **grooming** | $ | 20.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)      $ 2,023.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**The debtor will be surrending the real estate currently lived in a securing rental property at a cost of approximately $1,000.00 per month**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|   a. Average monthly income from Line 15 of Schedule I | $ | 2,052.00 |
|   b. Average monthly expenses from Line 18 above | $ | 2,023.00 |
|   c. Monthly net income (a. minus b.) | $ | 29.00 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re  **Edwin Quiles, Jr.**_____,          Case No. _____

                                         Debtor

                                                     Chapter   _7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $        190.000.00 | | |
| B - Personal Property | YES | 2 | $         11.600.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $        174.182.40 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $         11,392.12 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $        605.948.24 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $        2.052.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $        2.023.00 |
| TOTAL | | 16 | $       201,600.00 | $       791,522.76 | |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

In re  **Edwin Quiles, Jr.** _____      Case No. _____
_____ **Debtor**                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**18**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **5/28/2008** _____      Signature:  **s/ Edwin Quiles, Jr.** _____
                                                                            **Edwin Quiles, Jr.**
                                                                                    Debtor

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

B7 (Official Form 7) (12/07)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  **Edwin Quiles, Jr.**_____,        Case No. _____
                                    Debtor                                                          (If known)


# STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **10,000.00** | **Montgomery Tire & Auto Repair** | **2006** |
| **18,000.00** | **Montgomery Tire & Auto Repair** | **2007** |
| **5,298.24** | **AT&T** | **2008** |

---

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

---

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **Citifinancial Services vs Edwin Quiles, Jr 08 AR 110** | **Debt Collection** | **Circuit Court of Kane County Illinois** | **pending** |
| **Fifth Third Bank vs Edwin's Montgomery Tire & Auto Services, Inc, et al 08 L 36** | **Collection of small business loan** | **16th Judicial Circuit Kane County, Illinois** | **pending** |
| **Inland Commercial Property vs Edwin Quiles, Jr et al 07 L 1185** | **breach of contract for Montgomery Tire and Auto Repair lease** | **Circuit Court of DuPage County Illinois** | **pending** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**3**

## 5. Repossessions, foreclosures and returns

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None

☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRES OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None

☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

## 9.  Payments related to debt counseling or bankruptcy

None   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
☐      consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within
       **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Aguinaga, Serrano & Low<br>340 N. Lake Street<br>Second Floor<br>Aurora, IL 60506** | **2/2008** | **1,500.00** |

## 10.  Other transfers

None   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the
☑      debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.
       (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint
       petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY<br>TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a
☑      self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION<br>AND VALUE OF PROPERTY OR DEBTOR<br>INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☑      sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking,
       savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
       credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
       filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or
       both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND<br>DATE OF SALE<br>OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14.  Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16.  Spouses and Former Spouses

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Montgomery Tire & Auto** | **20-5457581** | **1320 Park Drive Montgomery, IL 60538** | **tire & auto repair dissolved on April 10, 2008** | **12/01/2006**<br>**10/01/2007** |

None ☑    b.       Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

## 19. Books, records and financial statements

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Ken Goodwin**<br>**Godwin & McDonald**<br>**717 Division Street**<br>**Morris, IL 60450** | **8/2007 - 3/2008** |

None ☑    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☑    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

## 20. Inventories

None
☑   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
☑   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None
☑   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☑   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22. Former partners, officers, directors and shareholders

None
☑   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☑   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23. Withdrawals from a partnership or distributions by a corporation

None
☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None
☑   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25.  Pension Funds.

None

☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME  OF PENSION FUND                                     TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  <u>5/28/2008</u>

Signature
of Debtor

<u>s/ Edwin Quiles, Jr.</u>
**Edwin Quiles, Jr.**

Form 8
(10/05)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re:   **Edwin Quiles, Jr.**                                                        Case No. _____

_____                        Chapter    **7**    _____
                                   Debtor

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐   I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐   I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐   I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. **Single family residence 1320 Park Drive Montgomery, IL 60538** | **Ocwen Loan Servicing** | **X** | | | |
| 2. **Single family residence 1320 Park Drive Montgomery, IL 60538** | **Ocwen Loan Servicing** | **X** | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| 1. **Business  property lease for Montgomery Tire & Repair,  Inc.  The corporation has been dissolved but debtor signed personally** | **Inland Commercial Property Management** | |

**s/ Edwin Quiles, Jr.**          **5/28/2008**      _____
**Edwin Quiles, Jr.**
Signature of Debtor              Date

B21 (Official Form 21) (12/07)

## STATEMENT OF SOCIAL-SECURITY NUMBER OR
## INDIVIDUAL TAXPAYER-IDENTIFICATION NUMBER (ITIN)

## UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re  **Edwin Quiles, Jr.**, Debtor _____  )    Case No. _____
                                                               )    Chapter    **7**  _____
Address:  **1320 Park Drive**                                  )
          **Montgomery, IL 60538**                             )
                                                               )
          _____                     )
Last four digits of Social-Security or Individual Taxpayer-    )
Identification (ITIN) No(s)..,(if any):  **7914**  _____  )
Employer Tax-Identification (EIN) No(s).(if any):              )
_____                     )
                                                               )

## STATEMENT OF SOCIAL-SECURITY NUMBER(S)
## (or other Individual Taxpayer-Identification Number(s) (ITIN(s)))

1. Name of Debtor (Last, First, Middle): **Quiles, Jr., Edwin,** _____

   *(Check the appropriate box and, if applicable, provide the required information.)*

   ☑ Debtor has a Social-Security Number and it is: __**355**__ - __**78**__ - __**7914**__

       *(If more than one, state all.)*

   ☐ Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
       Number (ITIN), and it is: _____

       *(if more than one, state all. )*

   ☐ Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
       Number (ITIN).

2. Name of Joint Debtor (Last, First, Middle): _____

   *(Check the appropriate box and, if applicable, provide the required information.)*

   ☐ Joint Debtor has a Social-Security Number and it is: _____ - _____ - _____

       *(If more than one, state all.)*

   ☐ Joint Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
       Number (ITIN), and it is: _____.

       *(if more than one, state all. )*

   ☐ Joint Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
       Number (ITIN).

   I declare under penalty of perjury that the foregoing is true and correct.

                    X  **s/ Edwin Quiles, Jr.**                              **5/28/2008**
                       _____                 _____
                       **Edwin Quiles, Jr.**
                       Signature of Debtor                                   Date

---

*Joint debtors must provide information for both spouses.*
Penalty for making a false statement: Fine of up to $250,000 or up to 5 years imprisonment or both. 18 U.S.C. §§
152 and 3571.

B 203
(12/94)

### UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:    **Edwin Quiles, Jr.**                                           Case No. _____

                    Debtor                                                Chapter    **7** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **1,500.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)    [Other provisions as needed]
         **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
         **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **5/28/2008** _____

                                        **/s/Deanna L. Aguinaga** _____
                                        **Deanna L. Aguinaga, Bar No.  6228728**

                                        **Aguinaga, Serrano & Low**
                                        Attorney for Debtor(s)

---

at&t

EDWIN QUILES

1320 PARK DR
MONTGOMERY IL  60538

PERS NO. 00410098

| | THIS PERIOD | YTD |
|---|---|---|
| CURRENT RATE  15.7250 | | |
| TOTAL COMPENSATION | 1,670.00 | 2,778.32 |

W-4 MS EXP   ADDL   CHECK DATE  03/06/2008

FED  S 01    0.00   PAY   FROM 02/17/2008
IL   S 00    0.00   PERIOD TO   03/01/2008

T9 EIN = 36-1253600

ILLINOIS BELL
TELEPHONE COMPANY
ONE AT&T CENTER, 28TH FLR.
ST. LOUIS, MO  63101

REFUNDS AND DEDUCTIONS THIS PERIOD

MISCELLANEOUS PAYMENT INFORMATION

REGULAR HOURS PAID        80.00
PREMIUM HOURS PAID        20.00
TRAVEL-TAXED              97.50

WAGES NOT SUBJECT TO INCOME TAX

| | | THIS PERIOD | YTD |
|---|---|---|---|
| INCOME TAX WITHHELD | FED | - 223.23 | 307.70 |
| | IL | - 50.10 | 72.99 |
| SOC SEC | @6.20% | - 103.54 | 150.85 |
| MEDICARE | @1.45% | - 24.21 | 35.28 |

2008 LIMITS
SOC SEC
TX  6,324.00
WGS  102,000

NET PAY        1,268.92

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION | |
|---|---|---|---|---|---|---|---|
| FED | 1,670.00 | 2,433.14 | IL | 1,670.00 | 2,433.14 | W-2 NONTAXABLE TRAVEL | 345.18 |
| SOCIAL SECURITY | 1,670.00 | 2,433.14 | | | | | |
| MEDICARE | 1,670.00 | 2,433.14 | | | | | |

EDWIN QUILES

1320 PARK DR
MONTGOMERY IL  60538

PERS NO. 00410098

| | THIS PERIOD | YTD |
|---|---|---|
| CURRENT RATE 15.7250 | | |
| TOTAL COMPENSATION | 1,670.00 | 4,448.32 |

| W-4 MS EXP | ADDL | CHECK DATE 03/20/2008 |
|---|---|---|
| FED  S 01 | 0.00 | PAY    FROM 03/02/2008 |
| IL   S 00 | 0.00 | PERIOD TO   03/15/2008 |
| | | T9 EIN = 36-1253600 |

ILLINOIS BELL
TELEPHONE COMPANY
ONE AT&T CENTER, 28TH FLR.
ST. LOUIS, MO  63101

REFUNDS AND DEDUCTIONS THIS PERIOD

MISCELLANEOUS PAYMENT INFORMATION

WAGES NOT SUBJECT TO INCOME TAX

REGULAR HOURS PAID        80.00
PREMIUM HOURS PAID        20.00
TRAVEL-TAXED             97.50

| INCOME TAX WITHHELD | FED | - | 223.23 | 530.93 |
| | IL | - | 50.10 | 123.09 |

| SOC SEC | @6.20% | - | 103.54 | 254.39 |
| MEDICARE | @1.45% | - | 24.22 | 59.50 |

2008 LIMITS
SOC SEC
TX  6,324.00
WGS 102,000

NET PAY        1,268.91

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION |
|---|---|---|---|---|---|---|
| FED | 1,670.00 | 4,103.14 | IL | 1,670.00 | 4,103.14 | W-2 NONTAXABLE TRAVEL        345.18 |
| SOCIAL SECURITY | 1,670.00 | 4,103.14 | | | | |
| MEDICARE | 1,670.00 | 4,103.14 | | | | |

at&t

EDWIN QUILES

1320 PARK DR
MONTGOMERY IL  60538

PERS NO. 00410098

| | W-4 MS EXP | ADDL | CHECK DATE  04/03/2008 | |
|---|---|---|---|---|
| | FED  S 01 | 0.00 | PAY    FROM 03/16/2008 | ILLINOIS BELL |
| CURRENT RATE  15.7250 | IL   S 00 | 0.00 | PERIOD TO   03/29/2008 | TELEPHONE COMPANY |
| | | | | ONE AT&T CENTER, 28TH FLR. |
| | | | T9 EIN = 36-1253600 | ST. LOUIS, MO  63101 |

| | THIS PERIOD | YTD |
|---|---|---|
| TOTAL COMPENSATION | 1,195.10 | 5,643.42 |

| REFUNDS AND DEDUCTIONS THIS PERIOD | | MISCELLANEOUS PAYMENT INFORMATION | |
|---|---|---|---|
| UNION DUES LOC 21 | -76.72 | REGULAR HOURS PAID | 76.00 |
| IBEW INITIATION FEE | -25.00 | UNPAID TIME OFF | 4.00 |

| | | THIS PERIOD | YTD |
|---|---|---|---|
| WAGES NOT SUBJECT TO INCOME TAX | | | |
| INCOME TAX WITHHELD | FED | - 129.07 | 660.00 |
| | IL | - 35.85 | 158.94 |
| SOC SEC | @6.20% | - 74.10 | 328.49 |
| MEDICARE | @1.45% | - 17.32 | 76.82 |
| AFTER-TAX DEDUCTIONS | | - 101.72 | |
| NET PAY | | 837.04 | |

2008 LIMITS
SOC SEC
TX  6,324.00
WGS  102,000

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION | |
|---|---|---|---|---|---|---|---|
| FED | 1,195.10 | 5,298.24 | IL | 1,195.10 | 5,298.24 | W-2 NONTAXABLE TRAVEL | 345.18 |
| SOCIAL SECURITY | 1,195.10 | 5,298.24 | | | | | |
| MEDICARE | 1,195.10 | 5,298.24 | | | | | |



EDWIN QUILES

1320 PARK DR
MONTGOMERY IL  60538

PERS NO. 00410098

| | THIS PERIOD | YTD |
|---|---|---|
| CURRENT RATE  15.7250 | | |
| TOTAL COMPENSATION | 1,258.00 | 6,901.42 |

W-4 MS EXP  ADDL  CHECK DATE  04/17/2008

FED  S 01    0.00   PAY    FROM 03/30/2008
IL   S 00    0.00   PERIOD TO  04/12/2008

T9 EIN = 36-1253600

ILLINOIS BELL
TELEPHONE COMPANY
ONE AT&T CENTER, 28TH FLR.
ST. LOUIS, MO  63101

REFUNDS AND DEDUCTIONS THIS PERIOD     MISCELLANEOUS PAYMENT INFORMATION

WAGES NOT SUBJECT TO INCOME TAX

REGULAR HOURS PAID                80.00

| | | THIS PERIOD | YTD |
|---|---|---|---|
| INCOME TAX WITHHELD | FED | -   138.51 | 798.51 |
| | IL | -    37.74 | 196.68 |
| SOC SEC | @6.20% | -   78.00 | 406.49 |
| MEDICARE | @1.45% | -   18.25 | 95.07 |

2008 LIMITS
  SOC SEC
TX  6,324.00
WGS  102,000

NET PAY          985.50

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION |
|---|---|---|---|---|---|---|
| FED | 1,258.00 | 6,556.24 | IL | 1,258.00 | 6,556.24 | W-2 NONTAXABLE TRAVEL      345.18 |
| SOCIAL SECURITY | 1,258.00 | 6,556.24 | | | | |
| MEDICARE | 1,258.00 | 6,556.24 | | | | |



EDWIN QUILES

| 1320 PARK DR | | | | PERS NO. 00410098 | | | | |
|---|---|---|---|---|---|---|---|---|
| MONTGOMERY IL   60538 | | | | W-4 MS EXP | ADDL CHECK DATE  05/01/2008 | | | |
| CURRENT RATE   15.7250 | | THIS PERIOD | YTD | FED   S 01 | 0.00 PAY | FROM 04/13/2008 | ILLINOIS BELL | |
| | | | | IL    S 00 | 0.00 PERIOD TO | 04/26/2008 | TELEPHONE COMPANY | |
| TOTAL COMPENSATION | | 1,501.74 | 8,403.16 | | | T9 EIN = 36-1253600 | ONE AT&T CENTER, 28TH FLR. | |
| | | | | | | | ST. LOUIS, MO  63101 | |

| WAGES | | | | REFUNDS AND DEDUCTIONS THIS PERIOD | | MISCELLANEOUS PAYMENT INFORMATION | |
|---|---|---|---|---|---|---|---|
| NOT | | | | | | | |
| SUBJECT | | | | UNION DUES LOC 21 | -38.36 | REGULAR HOURS PAID | 80.00 |
| TO INCOME | | | | | | OT HOURS PAID | 10.00 |
| TAX | | | | | | PREMIUM HOURS PAID | 5.50 |
| | FED | -        181.17 | 979.68 | | | | |
| INCOME | IL | -         45.05 | 241.73 | | | | |
| TAX | | | | | | | |
| WITHHELD | | | | | | | |
| SOC SEC | @6.20% | -         93.10 | 499.59 | | | | |
| MEDICARE | @1.45% | -         21.77 | 116.84 | | | | |
| AFTER-TAX DEDUCTIONS | | -         38.36 | | | | | |
| | | | 2008 LIMITS | | | | |
| | | | SOC SEC | | | | |
| | | | TX  6,324.00 | | | | |
| | | | WGS 102,000 | | | | |
| NET PAY | | 1,122.29 | | | | | |

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION | |
|---|---|---|---|---|---|---|---|
| FED | 1,501.74 | 8,057.98 | IL | 1,501.74 | 8,057.98 | W-2 NONTAXABLE TRAVEL | 345.18 |
| SOCIAL SECURITY | 1,501.74 | 8,057.98 | | | | | |
| MEDICARE | 1,501.74 | 8,057.98 | | | | | |


at&t

EDWIN QUILES

316 WILDER
AURORA IL  60506

PERS NO. 00410098

| | W-4 MS EXP | ADDL | CHECK DATE   05/15/2008 |
|---|---|---|---|
| CURRENT RATE  15.7250 | FED  S 01 | 0.00 | PAY    FROM 04/27/2008 |
| | IL   S 00 | 0.00 | PERIOD TO   05/10/2008 |

ILLINOIS BELL
TELEPHONE COMPANY
ONE AT&T CENTER, 28TH FLR.
ST. LOUIS, MO  63101

T9 EIN = 36-1253600

| | THIS PERIOD | YTD |
|---|---|---|
| TOTAL COMPENSATION | 1,258.00 | 9,661.16 |

| | | | |
|---|---|---|---|
| WAGES NOT SUBJECT TO INCOME TAX | | | |

REFUNDS AND DEDUCTIONS THIS PERIOD

MISCELLANEOUS PAYMENT INFORMATION

REGULAR HOURS PAID                     80.00

| | | THIS PERIOD | YTD |
|---|---|---|---|
| INCOME TAX WITHHELD | FED | - 138.51 | 1,118.19 |
| | IL | - 37.74 | 279.47 |
| SOC SEC | @6.20% | - 78.00 | 577.59 |
| MEDICARE | @1.45% | - 18.24 | 135.08 |

2008 LIMITS
  SOC SEC
  TX  6,324.00
  WGS 102,000

| | |
|---|---|
| NET PAY | 985.51 |

| W-2 WAGES | CURRENT | YTD | W-2 WAGES | | CURRENT | YTD | OTHER YEAR-TO-DATE INFORMATION | |
|---|---|---|---|---|---|---|---|---|
| FED | 1,258.00 | 9,315.98 | IL | | 1,258.00 | 9,315.98 | W-2 NONTAXABLE TRAVEL | 345.18 |
| SOCIAL SECURITY | 1,258.00 | 9,315.98 | | | | | | |
| MEDICARE | 1,258.00 | 9,315.98 | | | | | | |